# Evans Marble Co. *v.* McDonald & Co.

## *Assumpsit.*

(Decided Dec. 19, 1907.  45 South. 213.)

1. *Appeal; Amendment; Application.*—Where the application for an amendment was made orally to the trial court there is nothing in the record proper to guide this court in reviewing the motion. and the court will take the statement of the bill of exceptions concerning it construed most strongly against the party presenting it.

2. *Same; Predicate.*—Where the complaint designated the defendants as a partnership composed of certain persons, and the certain persons individually, and the amendment sought to strike from the complaint the names of the parties as parties defendant, for the failure of the evidence to show that they were members of the firm, the amendment failed to change the description of the firm, and the evidence showing that such firm was not indebted, the defendants were entitled to have all the evidence ruled out, and the denial of the motion to amend was without prejudice.

APPEAL from Mobile Circuit Court.

Heard before Hon. Samuel B. BROWNE.

[Evans Marble Co. v. McDonald & Co.]

Action by the Evans Marble Company against D. J. McDonald & Co. From a judgment for defendants, plaintiff appeals. Affirmed.

R. P. ROACH, for appellant. The proof showed that the account was correct and stated.—*Burns v. Campbell*, 71 Ala. 286; *Ware v. Manning*, 86 Ala. 343; 2 Greenl. sec. 126. The sworn statement of McDonald filed in a former suit on the same cause should have been admitted.—1 A. & E. Ency. of Law, pp. 678 and 708. If the party receiving an account keeps the same and makes no objection within a reasonable time, his silence will be an acquiescence, and he will be bound by it.— *Langdon v. Roan*, 6 Ala. 527; *Burns v. Campbell, supra; Sloan v. Guice*, 77 Ala. 396; *Rice v. Schloss*, 90 Ala. 416; *Gabouri & Co. v. Southwark F. & M. Co.*, 99 Ala. 51. The court erred in refusing to allow the complaint to be amended as sought.—Section 3331, Code 1896; *Johnson v. Green*, 4 Port. 126; *Jones v. Nelson*, 51 Ala. 472; *Steed v. McIntyre*, 68 Ala. 408; *Jones v. Englehart*, 78 Ala. 566; *Vinegar Bend Lbr. Co. v. Hamilton-Brown Shoe Co.* 129 Ala. 273; *Cobb v. Keith*, 110 Ala. 618; *Nevers Lbr. Co. v. Fields*, 44 South. 82.

GREGORY L. & H. T. SMITH, for appellee. No error was committed by the court as the contract sued on was an account stated jointly between the plaintiff and the four defendants and no recovery could have been had upon the separate contract made by one of the defendants. If the amendment had been allowed, the evidence would have constituted a departure and would not have made out a prima facie case.—*Jackson v. Bush*, 82 Ala. 396; *Gammon v. Ketchum*, 97 Ala. 677.

SIMPSON, J.—This suit was brought by the appellant against the appellees on a stated account. The original complaint designated the defendants as "D. J. McDonald & Co., a partnership composed of D. J. McDonald, Fred. W. Kearns, and Jackson E. Miles, and D. J. McDonald, Fred. W. Kearns, and Jackson E. Miles individually." The evidence failing to show that said Kearns and Miles were members of the said firm, "the plaintiff verbally moved the court to permit him to amend his complaint by striking out of his complaint, wherever these names appeared, the names of Jackson E. Miles and Fred. W. Kearns as parties defendant to this suit, and stated as grounds for the motion that, the evidence having failed to show that Kearns and Miles were partners in the partnership of D. J. McDonald & Co., the amendment should be allowed." The court overruled this motion, and the appellant assigns the same as error. In order that the record may show distinctly what the amendment proposed is, the better practice is to present it in writing.—1 Ency. Pl. & Pr. 639. But, in the absence of the writing, we must take the statement in the bill of exceptions, construing the motion strictly against the party offering it.

The only amendment proposed was to strike out of the complaint the names of said parties "as parties defendant to this suit." There was no motion to amend the description of the firm of D. J. McDonald & Co. Consequently, if the amendment had been allowed, the suit would have remained against "D. J. McDonald & Co., a partnership composed of D. J. McDonald, Fred. W. Kearns, and Jackson E. Miles, and D. J. McDonald individually." The evidence confessedly failed entirely to show any indebtedness of a firm so constituted. Hence, if the amendment had been allowed, the evidence which was admitted, together with all that was exclud-

ed, would have failed to make out a prima facie case in favor of the plaintiff, and the defendants were entitled to have all of the evidence ruled out on their motion. It follows that, if there were any errors in ruling out testimony, it was without prejudice to the plaintiff.

The judgment of the court is affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.